IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ANTONIO D. CARROTHERS                                                         PLAINTIFF

V.                                               CIVIL ACTION NO. 4:13-CV-102-SA

JONATHAN PHILLIPS                                                DEFENDANT

## ORDER

The Plaintiff, in a *pro se* capacity, has filed a Motion [27] to Reopen Case and Motion [28] to Deliver Summons. The Plaintiff initially filed his Complaint [1] on May 30, 2013, against Darren Cox and Jonathan Phillips, two former correctional officers at the Mississippi State Penitentiary. In his Complaint [1], the Plaintiff alleged that Cox and Phillips physically beat him while he was in the custody of the Mississippi Department of Corrections. The Plaintiff's claims against Cox were dismissed *without prejudice* after the Plaintiff failed to complete service of process upon Cox within the time permitted under the Federal Rules of Civil Procedure. [11]. After Phillips failed to appear or otherwise defend the allegations against him, on October 29, 2014, the Court held a hearing on the Plaintiff's Motion for Default Judgment. Following the hearing, the Court entered a Default Judgment [23] against Phillips in his individual capacity, awarding the Plaintiff "compensatory damages in the amount of $95,902.50, attorney's fees in the amount of $10,000, and costs in the amount of $983.50" for a total judgment amount of $106,886.00.

Through the present Motions [27, 28], the Plaintiff asks the Court to reopen the case and issue a summons because Phillips has not fully satisfied the Judgment which was awarded against him. In fact, the Plaintiff states that the Defendant has made no payment to the Plaintiff whatsoever.

Rule 69 of the Federal Rules of Civil Procedure addresses the appropriate procedure for enforcement of a monetary judgment, specifically providing that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69(a)(1). Thus, the Plaintiff

should seek to enforce the Judgment against Phillips through a writ of execution—not by reopening the case in this Court.

The Court finds that the case should not be reopened but, instead, the Plaintiff should comply with the appropriate procedures to enforce a monetary judgment. Consequently, the Plaintiff is not entitled to the relief which he requests, and the present Motions [27, 28] are DENIED.

SO ORDERED, this the 8th day of October, 2020.

      /s/ Sharion Aycock
    UNITED STATES DISTRICT JUDGE